UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID PILVER,

    Plaintiff,

v.                                                     CASE NO. 8:15-cv-2327-T-23JSS

HILLSBOROUGH COUNTY, et al.,

    Defendants.

_____/

**ORDER**

Appearing *pro se*, David Pilver sues (Doc. 1) Bobbie Aggers, William Featheringill, Angeleah Kinsler, Lori Krieck, William C. Spradlin, Norma J. Wise,[1] the "Law Library Board" (the Board), the "Hillsborough County Human Resources Department" (the Human Resources Department), and Hillsborough County.[2] The defendants move (Docs. 24, 25) to dismiss.

**BACKGROUND**

The complaint alleges that Pilver, a former employee at the James J. Lunsford Law Library, observed managerial problems while employed at the library. (Doc. 1 ¶¶ 23–31) For example, Pilver observed that, because the library failed to pay

---

[1] This order describes Aggers, Featheringill, Kinsler, Krieck, Spradlin, and Wise as the "individual defendants."

[2] This order describes the Board, the Human Resources Department, and Hillsborough County as the "organizational defendants."

vendors, the "vendors . . . periodically cut[] off" the library "from further product shipments." (Doc. 1 ¶ 23) Believing that Wise, the library's director, was responsible for the managerial problems, Pilver told Wise that he planned to report the problems to Wise's superiors. (Doc. 1 ¶¶ 31, 34)

The complaint alleges that, after Pilver threatened to report the managerial problems to Wise's superiors, Wise and Spradlin, a library employee, submitted to the Human Resources Department "false and defaming allegations" about Pilver. (Doc. 1 ¶¶ 35, 36) Kinsler and Aggers, employees of the Human Resources Department, interviewed Pilver about Spradlin and Wise's allegations and later "presented" Pilver with an "official reprimand." (Doc. 1 ¶¶ 14, 15, 38, 39) Featheringill, another employee of the Human Resources Department, interviewed Pilver and filed with the Human Resources Department a report "which utterly failed to acknowledge receipt of several pieces of exculpatory evidence." (Doc. 1 ¶¶ 16, 41–42) Pilver unsuccessfully requested from the Human Resources Department "en banc proceedings, re-hearing, or appeal of the reprimand." (Doc. 1 ¶ 44) Also, the complaint alleges that although the Board was the "only entity [with] jurisdiction over" Wise, the Board "ceased to exist" before Pilver could submit a grievance against Wise because each Board member's term lapsed. (Doc. 1 ¶¶ 52–60)

In a five-count complaint, Pilver asserts a claim for "defamation by slander" against Spradlin and Wise (Count I); for "defamation by libel" against the individual defendants (Count II); for "denial of due process" against each defendant (Count III);

for "violation of [Pilver's] rights, among them the right to Due Process," against each defendant (Count IV); and for "negligent hiring, retention, [and] supervision" against the Board and Hillsborough County (Count V).

## DISCUSSION

**1. Official-capacity Claims**

Pilver purports to sue the individual defendants in an "official capacity."[3] A "suit against a [county employee] in his official capacity is functionally equivalent to a direct suit against the county." *Keele v. Glynn County, Ga.*, 938 F. Supp. 2d 1270, 1307 (S.D. Ga. 2013) (Wood, J.); *accord Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) ("An action against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent."). Hillsborough County is a defendant in this action, and no party disputes that at time of the underlying events Hillsborough County employed Aggers, Kinsler, and Krieck. Thus, the complaint's claims against Aggers, Kinsler, and Krieck in an official capacity are superfluous. *See Busby*, 931 F.2d at 776 (stating that "there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly."). However, because a dispute appears to exist over which entity employed Spradlin and Wise at the time of the

---

[3] Specifically, Pilver sues Aggers, Kinsler, Krieck, Spradlin, and Wise in both an official capacity and an "individual capacity." (Doc. 1 at 1) Pilver sues Featheringill in only an individual capacity. (Doc. 1 ¶ 16)

underlying events (*See* Doc. 1 ¶¶ 52–63), this order cannot conclude that the claims against Spradlin and Wise in an official capacity are superfluous.

**2. Individual Tort Liability**

The individual defendants argue that the complaint's state-law defamation claims are barred by Section 768.28(9)(a), Florida Statutes, which provides that a plaintiff may not sue a state employee in tort unless the employee acted outside the scope of his employment or acted "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."[4]  *See Prieto v. Malgor*, 361 F.3d 1313, 1316 n.3 (11th Cir. 2004) ("In the absence of bad faith or malicious purpose, Florida law provides an exclusive remedy against the relevant governmental entity for any injury caused by an officer acting in the course of his employment.").

The complaint asserts that Aggers, Featheringill, and Kinsler, employees of the Human Resources Department, investigated Spradlin and Wise's allegations and "presented" Pilver with an "official reprimand" from the Human Resources Department.[5]  (Doc. 1 ¶¶ 14, 15, 38, 39, 41, 42)  These acts are within the scope of employment for an employee of the Human Resources Department.  Further, the complaint contains no allegation showing bad faith or a malicious purpose by

---

[4] The individual defendants argue on this basis for dismissal of Counts I, II, and V, but the complaint asserts Count V (negligent supervision) against only the Board and Hillsborough County. (Doc. 1 ¶¶ 79–80)

[5] The complaint states that Krieck "was [the] director of [the Human Resources Department] and ultimate supervisor of Kinsler, Aggers, and Featheringill." (Doc. 1 ¶¶ 13, 51) The complaint contains no other allegation about Krieck.

Aggers, Featheringill, Kinsler, or Krieck.  *See Boggess v. Sch. Bd. of Sarasota County*, 2008 WL 564641, at \*5 (M.D. Fla. Feb. 29, 2008) (Jenkins, J.) ("In applying Section 768.28(9)(a) on a motion to dismiss, Florida courts look to see whether the face of the complaint alleges bad faith or malicious purpose on the part of the governmental actor.").  Accordingly, Counts I and II fail to state a claim against Aggers, Featheringill, Kinsler, and Krieck.

The complaint asserts that Wise submitted to the Human Resources Department false disciplinary "allegations" in retaliation for Pilver's threat to report managerial problems to Wise's superiors.  (Doc. 1 ¶ 35)  Also, the complaint asserts that Spradlin submitted to the Human Resources department "false information" to corroborate Wise's allegations.  (Doc. 1 ¶ 36)  If true, these assertions might trigger the exception in Section 768.28(9)(a) for an act committed in bad faith or with a malicious purpose.  However, the complaint contains no details about the "allegations" or "information" submitted to the Human Resources Department by Spradlin and Wise.  Under Rule 8, Federal Rules of Civil Procedure, "conclusory allegations and conjecture are insufficient to survive a motion to dismiss."  *Harris v. Orange S.A.*, 636 Fed. Appx. 476, 484 (11th Cir. 2015).  Without more information, the complaint fails to show that Spradlin and Wise acted in bad faith or with a malicious purpose.

**3. Shotgun Pleading**

Under Rule 8(a)(2), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Anderson v. Ward*, 373 Fed. Appx. 968, 969 (11th Cir. 2010) (internal quotation marks omitted). The complaint, which is an impermissible "shotgun pleading," violates Rule 8(a)(2) because the complaint "incorporates every allegation by reference into each subsequent claim for relief." *Perret v. Wyndham Vacation Resorts, Inc.*, 846 F. Supp. 2d 1327, 1334 (S.D. Fla. 2012) (Seitz, J.); *accord Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (explaining that a shotgun pleading "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions").

For example, Count V incorporates the complaint's preceding seventy-eight paragraphs, which span sixteen pages. (Doc. 1 ¶ 79) Many allegations in those seventy-eight paragraphs "could not possibly be material to [each count]. Consequently, [the defendants] and the district court [must] sift through the facts presented and decide for themselves which [are] material to the particular cause of action asserted, a difficult and laborious task indeed." *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991). Thus, the complaint violates Rule 8(a)(2). *See Cramer v.*

*State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997) (describing a shotgun pleading as "altogether unacceptable").

## CONCLUSION

Accordingly, the motions (Docs. 24, 25) to dismiss are **GRANTED IN PART**, and the complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.[6] No later than **JULY 8, 2016**, Pilver may amend the complaint. If Pilver amends the complaint, the amended complaint must comply with Rule 8(a)(2), which requires a "short and plain statement of the claim[s] showing that the pleader is entitled to relief." Specifically, the amended complaint (1) must not assert claims against Aggers, Kinsler, and Krieck in an official capacity; (2) must state clearly which defendants are subject to each count and why; and (3) must incorporate into each count only the allegations that are material to that count.

Pilver is warned that litigation in federal court is difficult. Pilver's complaint suffers from deficiencies, in addition to those noted in this order, that suggest that Pilver requires legal advice and assistance from a member of The Florida Bar.[7] The

---

[6] The organizational defendants argue for dismissal with prejudice of the claims against the Board and the Human Resources Department because the Human Resources Department "has no legal significance other than as an administrative sub-part" of Hillsborough County and because the Board no longer exists. (Doc. 25 at 2, 3) Because the organizational defendants' motion violates Local Rule 3.01(a) by failing to include a legal memorandum on this issue, the motion's request for dismissal with prejudice is **DENIED**. However, if he files an amended complaint, Pilver is directed to identify the correct organizational defendant.

[7] For example, Count III and Count IV are separate counts but appear to assert the same legal basis for relief — "denial of [Pilver's] right to Due Process." (Doc. 1 ¶¶ 75–78)

court cannot assist a party, even a *pro se* party, in conducting a case. Therefore, Pilver is strongly advised to consult a member of The Florida Bar.

ORDERED in Tampa, Florida, on June 22, 2016.

                                    STEVEN D. MERRYDAY
                                    UNITED STATES DISTRICT JUDGE