UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID PILVER,

        Plaintiff,

v.                                         Case No: 8:15-cv-2327-T-23JSS

HILLSBOROUGH COUNTY, LAW
LIBRARY BOARD, NORMA J. WISE,
WILLIAM C. SPRADLIN and
HILLSBOROUGH COUNTY HUMAN
RESOURCES DEPARTMENT,

        Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion to Compel Discovery Responses. (Dkt. 46.)  The Court held a hearing on this matter on August 2, 2016.  For the reasons stated on the record at the hearing and explained below, the motion is granted in part and denied in part.

## BACKGROUND

In this action, Plaintiff, David Pilver, alleges that he observed managerial problems while employed at the James J. Lunsford Law Library, Hillsborough County's Law Library.  (Dkt. 63.)  Specifically, Plaintiff alleges that, during his employment, he became aware that vendors were terminating certain product shipments to the library after the library had defaulted on payment, and he suspected that the defaults resulted from "extreme mismanagement" by the library's director, Norma J. Wise.  (Dkt. 63, ¶ 27.)  Shortly thereafter, Plaintiff informed Ms. Wise that he planned to report her actions and management practices to her superiors.  (Dkt. 63, ¶ 32.)

After Plaintiff threatened to report the managerial problems to Ms. Wise's superiors, Plaintiff was interviewed by an employee of the Human Resources Department, who subsequently

completed a report that, according to Plaintiff, "substantially distorted the contents of the interview." (Dkt. 63, ¶¶ 39, 44.)  Following the interview, Plaintiff alleges that he became the subject of an official reprimand, which contained "false and defaming disciplinary allegations" about him. (Dkt. 63, ¶¶ 33, 35, 44.)  In his Second Amended Complaint, Plaintiff asserts the following claims against Hillsborough County, the Law Library Board, and the Hillsborough County Human Resources Department: (1) Defamation and Slander per se; (2) Defamation by Libel per se; (3) Defamation as a Violation of 42 U.S.C. § 1983; (4) Denial of Due Process as a Violation of 42 U.S.C. § 1983; and (5) Negligent Hiring, Retention, and Oversight. (Dkt. 63.) [1]

## APPLICABLE STANDARDS

Under Federal Rule of Civil Procedure 26, parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).  In determining proportionality, the court considers several factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).  Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).  Notably, although the scope of discovery is broad, "the discovery rules do not permit the [parties] to go on a fishing expedition." *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006).

---

[1] In accord with the Stipulation of Dismissal (Dkt. 41), the claims against Defendants Angeleah Kinsler, Bobbie Aggers, William Featheringill, Lori Krieck, William C. Spradlin, and Norma J. Wise (referred to collectively as the "Individual Defendants") were dismissed with prejudice on February 23, 2016. (Dkt. 42.)

## ANALYSIS

Plaintiff moves to compel responses to the following discovery requests: (1) Initial Disclosures; (2) Requests for Admission; (3) Interrogatories 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, and 14; and (4) Requests for Production 1, 2, 3, 4, 5, 6, 7, and 8.[2]

### A.  Initial Disclosures

Under Federal Rule of Civil Procedure 26(a)(1)(A), parties must exchange the following information: the name, address, and telephone number of each individual likely to have discoverable information that may be used to support the party's claims or defenses; a copy or description of all documents in the party's custody, control, or possession that may be used to support the party's claims or defenses; a computation of each category of damages and the documents on which each computation is based; and, if applicable, any insurance agreement that may be applied to a possible judgment.  Fed. R. Civ. P. 26(a)(1)(A)(i)–(iv).  In addition, parties must exchange the name, address, and telephone number of each witness that may be called or expected to present evidence at trial.  Fed. R. Civ. P. 26(a)(3)(A)(i).  In this case, Defendant has provided Plaintiff with the required disclosures.  Therefore, Plaintiff's Motion to Compel is denied as to this request.

### B.  Requests for Admission

Under Federal Rule of Civil Procedure 36, requests for admission may be served on a party to admit, for purposes of the pending action only, the truth of any matters within the scope of discovery relating to: (1) facts, the application of law to fact, or opinions about either; and (2) the genuineness of any described documents.  Fed. R. Civ. P. 36(a)(1).  If the responding party does not admit to a specific matter, then the party must either specifically deny it—or state in detail why

---

[2] At the hearing, Plaintiff withdrew his Motion to Compel as to Interrogatory 13 and Requests for Production 4, 5, and 6.

the matter cannot be truthfully admitted or denied—or assert lack of knowledge or information as a reason for failing to admit or deny.  Fed. R. Civ. P. 36(a)(4).  However, a party may only assert lack of knowledge or information if it "states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Fed. R. Civ. P. 36(a)(4).

In this case, Plaintiff served a list of eighty-nine statements in his Requests for Admission. In response, Defendant did not provide answers admitting or denying each statement.  Rather, Defendant served a list of four blanket objections to all eighty-nine statements on the basis of relevance and undue burden.  Defendant later served amended answers and objections, in which it provided responses and objections to each statement.  However, Plaintiff argues that Defendant's amended responses are insufficient and challenges the objections to relevance as to the following Requests for Admission: 24, 26, 27, 28, 29, 39, 40, and 54.

Requests for Admission 24, 26, 27, 28, 29, 39, 40, and 54 all relate to Ms. Wise's qualifications and fitness for the position of library director and are thus relevant to Plaintiff's claim for negligent hiring and retention (Count V).  Specifically, Plaintiff claims that Defendant was negligent in hiring Ms. Wise and in failing to oversee or control her management of the law library.  (Dkt. 63, ¶ 90.)  However, as noted by Defendant, Requests for Admission 29, 39, and 40 relate to Ms. Wise's management of her personal finances and alleged improper relationship with her subordinate and are thus beyond the scope of information known to Defendant.  Therefore, Plaintiff's Motion to Compel is granted as to Requests for Admission 24, 26, 27, 28, and 54, and denied as to Requests for Admission 29, 39, and 40.

## C. Interrogatories

Generally, an interrogatory may relate to any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1), 33(a)(2).  In answering interrogatories, the responding party must answer each interrogatory separately and fully in writing, and "[t]he grounds for objecting to an interrogatory must be stated with specificity."  Fed. R. Civ. P. 33(b)(3).  Alternatively, if the answer to an interrogatory may be determined by compiling, examining, or summarizing a party's business records, then the responding party may answer by specifying the responsive records and providing the requesting party a reasonable opportunity to examine and copy the records.  Fed. R. Civ. P. 33(d).

Interrogatory 3 asks Defendant to identify and explain the methods used by the Human Resources Department in determining "the truth or falsity of claims" by Ms. Wise and Plaintiff before this litigation.  However, it is not clear what Plaintiff intends by "methods" or "claims." Interrogatories should be "unambiguous" and "capable of being understood by jurors when read in conjunction with the answer."  Middle District Discovery (2015) at § IV.A.2.  Because neither the Defendant nor this Court can ascertain the meaning of this interrogatory, this interrogatory is improperly vague.

In regard to Interrogatories 4, 5, 6, 7, 10, 11, 12, and 14, Defendant has agreed to identify documents and information responsive to these requests.  Although Defendant initially stated that no responsive information or documents could be found, Defendant has agreed to conduct a broader search for information responsive to Interrogatories 7 and 14 by asking witnesses identified in the parties' initial disclosures who may have responsive information.  *See* Middle District Discovery (2015) at § IV.B.3 (providing that a party is deemed to have complied with its obligation to respond to interrogatories if it has "[c]onducted a reasonable inquiry, including a

review of documents likely to have information necessary to respond").  Additionally, Defendant

has agreed to supplement its response to Interrogatory 6 by identifying the documents it has

produced as responsive to this specific request.  *See* Fed. R. Civ. P. 33(d) (providing that a party

must specify the responsive records in sufficient detail to enable the requesting party to locate and

identify the records).

Interrogatory 9 asks Defendant to identify every legal claim or lawsuit filed by or against

Hillsborough County or the Human Resources Department in the past ten years.  In response,

Defendant argues that a voluminous amount of cases exist, all of which are a matter of public

record available through the Public Access to Court Electronic Records ("PACER").  Given the

amount of cases responsive to this request and the ability for Plaintiff to obtain these records

through more efficient means, the Court finds that this interrogatory is unduly burdensome and

requests information that is disproportionate to the needs of this case.  *See* Fed. R. Civ. P.

26(b)(2)(C) (providing that the court, on motion or on its own, must limit the extent of discovery

if the discovery sought "can be obtained from some other source that is more convenient, less

burdensome, or less expensive"); Middle District Discovery (2015) at § IV.A.2 (providing that

interrogatories should not "impose unreasonable burdens on the responding party").  Accordingly,

Plaintiff's Motion to Compel is granted as to Interrogatories 4 and 5, denied as to Interrogatories

3 and 9, and Defendant has agreed to supplement its responses to Interrogatories 6, 7, 10, 11, 12,

and 14.

### D.  Requests for Production

Under Federal Rule of Civil Procedure 34, a party may serve a request on another party to

produce documents in the responding party's possession, custody, or control from which

information within the scope of discovery can be obtained.  Fed. R. Civ. P. 34(a)(1)(A).

At the hearing, Defendant conceded that the information requested in Plaintiff's Requests for Production are relevant.  However, Defendant argued, and this Court agrees, that many of the contested requests are overly broad in that no reasonable timeframe is specified.  *See* Middle District Discovery (2015) at § III.A.1 (providing that a request for documents should be "reasonably particularized").  Indeed, some requests include a timeframe from 1996 until 2013, while other requests do not specify a timeframe at all.  Defendant has agreed to supplement its responses to Requests for Production 1 and 3 to the extent that the timeframe referenced in Request for Production 1 is narrowed to correspondence from September 30, 2013, through the date of the filing of this lawsuit.  Similarly, Request for Production 7 shall be narrowed to minutes from Law Library Board meetings that occurred from January 1, 2008, until September 30, 2013.  Defendant has agreed to supplement its response to Request for Production 2 to include communications from the individuals referenced in the request who are currently employed by Hillsborough County. Therefore, Plaintiff's Motion to Compel is granted as to Requests for Production 1, 2, 3, and 7, and denied as to Request for Production 8.

Accordingly, it is

**ORDERED** that Plaintiff's Motion to Compel Discovery Responses (Dkt. 46) is **GRANTED** in part and **DENIED** in part, as stated herein.

1. Plaintiff's Motion to Compel is denied as to Initial Disclosures.

2. Plaintiff's Motion to Compel is granted as to Requests for Admission 24, 26, 27, 28, and 54, and denied as to Requests for Admission 29, 39, and 40.  Defendant must supplement its responses by August 12, 2016.

3. Plaintiff's Motion to Compel is granted as to Interrogatories 4 and 5, denied as to Interrogatories 3 and 9, and Defendant must supplement its responses to Interrogatories 6, 7, 10, 11, 12, and 14.  Defendant must supplement its responses by August 12, 2016.

4. Plaintiff's Motion to Compel is granted as to Requests for Production 1, 2, 3, and 7, as limited above, and denied as to Request for Production 8.  Defendant must supplement its responses by August 12, 2016.

**DONE** and **ORDERED** in Tampa, Florida, on August 3, 2016.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party