UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID PILVER,

    Plaintiff,

v.                                              CASE NO. 8:15-cv-2327-T-23JSS

HILLSBOROUGH COUNTY, et al.,

    Defendants.

_____/

**ORDER**

Appearing *pro se*, David Pilver sues (Doc. 63) Norma J. Wise and Bill Spradlin in an official capacity. Also, Pilver sues the Hillsborough County Human Resources Department, the Hillsborough County "Law Library Board," and Hillsborough County, which moves (Doc. 68) for summary judgment.

**BACKGROUND**

A former employee of the James J. Lunsford Law Library, Pilver allegedly observed Wise, the library's director, mismanage the library's money. Under Wise, the library failed to pay timely the library's vendors. (Doc. 63 ¶¶ 22–26) The chronically late payments caused vendors to suspend both the library's access to electronic databases and the shipment of new books to the library. (Doc. 63 ¶¶ 26–29)

On September 30, 2013, Pilver told Wise that he planned to report Wise's mismanagement to her supervisor. (Doc. 63 ¶ 32) According to Pilver, the next day

Wise submitted to the Hillsborough County Human Resources Department false allegations, including that Pilver screamed at Wise in front of a library guest and that Pilver often disobeyed Wise. (Doc. 63 ¶¶ 33–34) Spradlin, another library employee, corroborated Wise's allegations and falsely accused Pilver of perjury and of "harbouring desires to murder an acquaintance." (Doc. 63 ¶¶ 35–36)

When interviewed by the Human Resources Department about Wise's and Spradlin's complaints, Pilver denied the allegations and proffered "exculpatory" evidence, but the interviewer refused to accept the evidence. (Doc. 63 ¶¶ 50–54) A week later and without providing Pilver an opportunity to rebut Wise's and Spradlin's testimony, Hillsborough County placed a letter of reprimand in Pilver's personnel file, which Florida's public-records law subjects to public scrutiny. (Doc. 63 ¶¶ 50–55)

After Pilver's reprimand, Wise allegedly sought a pretext for terminating Pilver. For example, Wise e-mailed employees to threaten "termination for [violation of] minor policies." (Doc. 63 ¶ 87 at 22) Believing that Wise's tactics targeted him, Pilver reluctantly accepted a transfer to another library. Although paid the same amount, Pilver's new position requires him to work forty hours per week — seven hours more than he worked at Lunsford. (Doc. 69 at 19)

Pilver sues under Florida law for slander (Count I), libel (Count II), and negligent hiring (Count V) and under 42 U.S.C. § 1983 for defamation (Count III) and violation of Pilver's right to due process (Count IV).

## DISCUSSION

**1. Pilver's Section 1983 claims against Hillsborough County fail to allege the deprivation of a federally protected right.**

Section 1983 permits a person to sue in federal court if deprived by a state actor of a federally protected right. *Wideman v. Shallowford Cmty. Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Count III, a Section 1983 claim based on a state-law defamation claim, fails to allege the deprivation of a federally protected right.

Count IV, a Section 1983 claim based on the violation of Pilver's right to "due process," fails to state a plausible claim for violation of substantive due process. Even if Hillsborough County denied Pilver the opportunity to rebut the defamatory claims against him and "railroaded" Pilver into a forty hour work-week, Pilver's treatment fails to "shock the conscience." *See Neal ex rel. Neal v. Fulton County Bd. of Educ.*, 229 F.3d 1069 (11th Cir. 2000) (explaining that a teacher's beating of a student's face with a metal lock, which "knocked [an eyeball] completely out of its socket," shocks the conscience).

Also, Count IV fails to state a plausible claim for violation of procedural due process because the complaint contains no allegation that Hillsborough County deprived Pilver of a protected liberty or property interest. *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). To state a procedural due process claim based on violation of a property interest, a government employee allegedly defamed by his government employer must show that "(1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4) was made public (5) by

- 3 -

the governmental employer without a meaningful opportunity for employee name clearing." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).

The complaint, which appears to allege the deprivation of Pilver's right to work thirty-three hours per week (Doc. 63 ¶ 89 at 20; *accord* Doc. 69 at 19), contains no allegation that Hillsborough County discharged Pilver. *Cannon*, 250 F.3d at 1303 (holding that a plaintiff must prove "a discharge or more" to prevail on a Section 1983 claim based on defamation).[1] Pilver's transfer, which involved no loss of pay, cannot establish a due process claim. *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485–86 (11th Cir. 1992).

Pilver argues that the reprimand "constructive[ly] demot[ed]" Pilver by creating a "hostile work environment leading to transfer under duress." (Doc. 69 at 17) Again, a transfer involving no loss of pay deprives a government employee of no constitutionally protected interest. *Oladeinde*, 963 F.3d at 1485–86. And Pilver fails to allege a state or federal law guaranteeing Pilver the right to work less than full-time but to receive a full-time salary.

Also, Pilver argues that the absence of a fair hearing and of an administrative review of the reprimand denied Pilver the opportunity to rebut the defamatory charges against him. But a person defamed by the government cannot convert a state-law defamation claim into a constitutional grievance through the Fourteenth

---

[1] Pilver alleges that Hillsborough County suspended him from work for part of one day (Doc. 63 ¶ 47) but fails to allege the loss of a day's pay or another tangible harm. Even if alleged, the claim fails under *Cannon*'s "discharge or more" requirement. 250 F.3d at 1303.

Amendment's due process clause. *Cypress Ins. Co. v. Clark*, 144 F.3d 1435, 1435–36 (11th Cir. 1998) (citing *Siegert v. Gilley*, 500 U.S. 226 (1991)). Because Pilver suffered no deprivation of a constitutionally protected interest, Hillsborough County is entitled to judgment as a matter of law.[2]

**2. Pilver's Section 1983 claims against the remaining defendants are redundant.**

Counts III and IV name as defendants Hillsborough County, the Hillsborough County "HR Dep[artmen]t," the Hillsborough County "Law Library Board," and Wise and Spradlin in an "official capacity."

Because Hillsborough County bears liability for the Hillsborough County Human Resources Department and the Hillsborough County Law Library Board (Doc. 63 ¶¶ 10–11), the claims against the Human Resources Department and the Law Library Board duplicate the claims against Hillsborough County. And the official-capacity claims against Wise and Spradlin duplicate the claims against Hillsborough County. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name . . . a suit against the entity."). The claims are dismissed with prejudice.

**3. Supplemental jurisdiction over the remaining state-law claims is declined.**

Because only state-law claims remain, comity requires that a state court adjudicate those claims. *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414,

---

[2] This order declines to address Pilver's First Amendment retaliation argument (Doc. 69 at 3), which Pilver raised for the first time in opposing summary judgment. *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend [his] complaint through argument in a brief opposing summary judgment.").

428 (11th Cir. 1984) ("[I]f the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims.") (citing *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)).[3]

## CONCLUSION

Hillsborough County's motion (Doc. 68) for summary judgment on Counts III and IV is **GRANTED**.  The claims in Counts III and IV against the Hillsborough County Law Library Board, against the Hillsborough County Human Resources Department, and against Wise and Spradlin in an official capacity are **DISMISSED WITH PREJUDICE**.  The state-law claims in Counts I, II, and V are **DISMISSED WITHOUT PREJUDICE**.

The clerk is directed (1) to enter judgment in Counts III and IV for Hillsborough County and against David Pilver and (2) to close the case.

ORDERED in Tampa, Florida, on December 7, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[3] Because 28 U.S.C. § 1367(d) tolls the limitation from October 2, 2015, until thirty days after entry of this order, Pilver suffers no prejudice from the dismissal of the state-law claims.